IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CALEB BUTLER and JEREMY PENNINGTON | § § | |
| Plaintiffs, | § § | |
| v. | § § | Case Number  1:22-cv-00367-MJT |
| BNSF RAILWAY COMPANY, | § § | |
| Defendant. | § | |

**BNSF RAILWAY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant BNSF Railway Company ("BNSF") answers Plaintiffs' Complaint as follows:

I. PARTIES

1. BNSF admits Caleb Butler and Jeremy Pennington were employed by BNSF Railway Company at the time of the events described in the Complaint.  BNSF admits, upon information and belief, that Plaintiff Butler resides in Silsbee, Texas but BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiff Butler's street address contained in Paragraph 1 of Plaintiffs' Complaint.  BNSF admits, upon information and belief, that Plaintiff Pennington resides at 13350 Alaskan Drive, Beaumont, Texas.

2. BNSF admits it is a corporation doing business in the State of Texas and admits it is subject to the jurisdiction in the Eastern District of Texas, Beaumont Division for the litigation of this matter.  BNSF admits it has been served with process through its agent.  BNSF otherwise denies any remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

II. JURISDICTION AND VENUE

3. As to Paragraph 3 of Plaintiffs' Complaint, BNSF admits Plaintiffs purport to assert claims arising under the Federal Railroad Safety ("FRSA"), 49 U.S.C. §20109.  With respect to the FRSA claim, however, this Court only has jurisdiction over claims filed within the applicable

statute of limitations and administratively exhausted before the Occupational Safety and Health Administration ("OSHA").

4. As to Paragraph 4 of Plaintiffs' Complaint, BNSF admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. As to Paragraph 5 of Plaintiffs' Complaint, BNSF admits that venue is proper in this District and Division. BNSF otherwise denies, as written, the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

### III. PROCEDURAL BACKGROUND

6. BNSF denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. BNSF admits that on February 3, 2022, the Secretary of Labor issued its Findings dismissing Plaintiff Butler's complaint and stated "Complainant has requested OSHA terminate its investigation and issue a determination based on the information gathered thus far in its investigation; OSHA is unable to conclude if there is reasonable cause to believe a violation of the statute has occurred."

8. BNSF admits that on February 4, 2022, the Secretary of Labor issued its Findings dismissing Plaintiff Pennington's complaint and stated "Complainant has requested OSHA terminate its investigation and issue a determination based on the information gathered thus far in its investigation; OSHA is unable to conclude if there is reasonable cause to believe a violation of the statute has occurred."

9. BNSF admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. BNSF admits that no depositions had been taken in OALJ Case Nos. 2022-FRS-00024 & 00025; however, BNSF had made several requests for Plaintiffs' depositions without response from Plaintiffs. BNSF admits that no dispositive motions were pending.

11. BNSF admits the allegations in Paragraph 11 of Plaintiffs' Complaint.

## IV. BACKGROUND

12. BNSF admits that on August 19, 2021, Plaintiff Pennington verbally reported the locomotive consist was having trouble slowing down. BNSF admits that on or about August 12, 2021 it received a comment that the right rear brakes shoes on Locomotive BNSF 3185 needed replacing. BNSF otherwise denies, as written, the remainder of the allegations contained in Paragraph 12 of Plaintiffs' Complaint. BNSF specifically denies there was a "safety defect" with the locomotive consist.

13. BNSF admits on August 18, 2021, Plaintiffs Butler and Pennington, and Jonatan Cardoza were assigned Locomotives BNSF 3185 and BNSF 143 in Silsbee Yard in Silsbee, Texas. BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiffs' allegation that the train crew was unaware of the report to replace the right rear brake shoes. BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiffs' allegation that the locomotive brakes were not functioning properly. BNSF denies, as written, the remainder of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. BNSF admits on August 19, 2021 Plaintiffs Butler and Pennington, and Cardoza were assigned to use the same Locomotive Consist to perform switching operations. BNSF admits that Plaintiff Pennington told Trainmaster Nesteby that the locomotive consist was having trouble slowing down the day before. BNSF otherwise denies, as written, the remainder of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. BNSF admits that on August 19, 2021 the train crew experienced a hard coupling. BNSF admits the Employee Statement signed by Plaintiff Butler contained in this paragraph is a

copy of a document provided to BNSF. BNSF denies the remainder of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiffs' allegation that following the hard coupling the locomotive seat had been broken and that Conductor Cardoza inspected the locomotive seat and verified that it had been broken. BNSF denies the locomotive seat on BNSF 143 was broken. BNSF admits on information and belief that Plaintiff Butler sought medical treatment for his back and has not returned to work as a locomotive engineer. BNSF denies the remainder of the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. BNSF admits on or about August 23, 2021, Trainmaster Jeff Madden told Conductor Pennington that based on information provided to him, there was nothing wrong with the locomotive seat. BNSF denies the remainder of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiffs' allegation that Conductor Pennington bid on a job in Beaumont, Texas for the express purpose of leaving Silsbee Yard. BNSF denies the remainder of the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. BNSF admits it did not discipline any employees for the hard coupling incident. BNSF admits on September 15, 2021 it sent a Notice of Formal Investigation letter to Plaintiffs Butler and Pennington, and to Cardoza to ascertain the facts and determine responsibility, if any, in connection with the alleged failure to properly protect and properly control shove movement on August 19, 2021. BNSF admits the charge involved alleged violation of rules associated with

BNSF's Critical Work Practices. BNSF denies the remainder of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. BNSF admits that on October 14, 2021 it held a formal investigation hearing and that Ty Christian was the conducting officer. BNSF admits the formal investigation hearing was audio taped. BNSF denies the remainder of the allegations contained in Paragraph 20 of Plaintiffs' Complaint, as worded, but admits that Plaintiff Butler claimed BNSF was retaliating against them because Plaintiff Butler had reported an injury; admits Ty Christian asked Plaintiff Butler why he believed that; admits that Plaintiff Butler told Christian about statements made by Trainmaster Madden; admits that Christian asked if anyone could corroborate Plaintiff's Butler's statement about Trainmaster Madden; and admits that Plaintiff Pennington said he heard the statement from Trainmaster Madden.

21. BNSF admits Ty Christian took a break during the formal investigation hearing to make a phone call and that after the phone call the investigation was cancelled. BNSF denies any "message was sent" and denies the remainder of the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. BNSF admits the audio tape from the formal investigation hearing was not maintained. BNSF denies the remainder of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

V. [ALLEGED] FRSA VIOLATIONS

23. BNSF admits Plaintiffs Butler and Pennington were employees under 49 U.S.C. §20109 as alleged in Paragraph 23 of Plaintiffs' Complaint.

24. BNSF admits it received a verbal report from Plaintiff Pennington that the brakes on the locomotive consist were not functioning properly the day before. BNSF admits that on the

afternoon of August 19, 2021, after the hard couple, the seat laid back.  BNSF also admits that Plaintiff Butler reported a work-related personal injury.  BNSF otherwise denies the remainder of the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.    BNSF denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.    BNSF admits that Plaintiff Butler communicated his personal injury report to BNSF's Medical and Employee Health Department and admits Plaintiff Butler was approved for a medical leave of absence.  BNSF denies as worded the remainder of the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.    BNSF denies the allegations in Paragraph 27 of Plaintiffs' Complaint.

28.    BNSF denies the allegations in Paragraph 28 of Plaintiffs' Complaint.

29.    BNSF denies the allegations in Paragraph 29 of Plaintiffs' Complaint.

30.    BNSF denies the allegations in Paragraph 30 of Plaintiffs' Complaint.

## VI. DAMAGES

31.    BNSF denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint and all sub-paragraphs thereto and further denies it is liable to Plaintiff Butler for any amount in response to the allegations in Plaintiffs' Complaint.

32.    BNSF denies the allegations in Paragraph 32 of Plaintiffs' Complaint and all sub-paragraphs thereto and further denies it is liable to Plaintiff Pennington for any amount in response to the allegations in Plaintiffs' Complaint.

33.    BNSF denies the allegations in Paragraph 33 of Plaintiffs' Complaint and further denies it is liable to Plaintiffs for any amount in response to the allegations in Plaintiffs' Complaint.

34. As to Plaintiffs' jury demand, BNSF avers that bifurcation of the punitive damages claim is necessary to ensure a fair, just, and non-prejudicial presentation of evidence and testimony.

### PRAYER

35. BNSF denies and contests all claims for relief presented in Plaintiffs' Prayer and all sub-paragraphs thereto.

### **AFFIRMATIVE AND OTHER DEFENSES**

1. BNSF denies that it is liable to respond in damages to Plaintiffs Butler and Pennington in any amount based upon any theory.

2. All allegations in the Complaint not admitted, denied, or explained above are now expressly denied.

3. Plaintiffs' Complaint fails to state a claim upon which relief may be granted because of a failure to prove each and every element of an FRSA claim, including that Plaintiffs engaged in a protected activity in good faith, decision-maker knowledge of the protected activity, contributing factor causation, and an unfavorable personnel action.

4. There is no unfavorable personnel action in this case because the formal investigation hearing was cancelled, and no discipline was issued.

5. BNSF pleads the requirement that Plaintiffs Butler and Pennington prove the contributing factor element with evidence of intentional retaliation prompted by Plaintiffs Butler and Pennington engaging in a good faith protected activity.

6. BNSF pleads the requirement that Plaintiffs Butler and Pennington prove proximate cause as to the FRSA claim.

7. BNSF pleads the same action affirmative defense. BNSF would have taken the same employment actions absent any protected activity.

8. BNSF's employment actions regarding Plaintiffs Butler and Pennington were based on legitimate, non-discriminatory, and non-retaliatory reasons, and unrelated to any alleged protected activity.

9. Plaintiffs Butler and Pennington failed to administratively exhaust protected activities or adverse actions. Any complaint related to such allegations are thus time-barred, subject to applicable statute of limitations or doctrine of laches, or not within the jurisdiction of this Court.

10. To the extent Plaintiffs Butler and Pennington seek to pursue claims based upon acts that occurred more than 180 days before the filing of a complaint with OSHA, those claims are barred, in whole or in part, by the applicable statute of limitations.

11. BNSF pleads the defenses of preemption and preclusion. Resolution of Plaintiffs Butler and Pennington's claims or damages requires interpretation of a collective bargaining agreement and, thus, preempted or precluded by the Railway Labor Act.

12. To the extent Plaintiffs Butler and Pennington have received advances, wages, worker's compensation benefits, wage continuation, Railroad Retirement Board Benefits, supplemental sickness benefits, medical benefits, or any other income or benefits, BNSF is entitled to an offset from any judgment for such amounts.

13. Plaintiffs Butler and Pennington have failed to mitigate their damages as required by law.

14. BNSF pleads the after-acquired evidence doctrine.

15. BNSF pleads waiver and estoppel because Plaintiffs Butler and Pennington opted to litigate the FRSA claim before in the administrative forum and affirmatively took steps to do so, kicking-out to Federal court in bad faith only to avoid having to comply with the Administrative Law Judge's order.

16. Plaintiffs Butler and Pennington cannot prove that BNSF acted with reckless or callous disregard, or intent, to violate the FRSA.

17. BNSF pleads the *Kolstad* defense to punitive damages. It exercised reasonable care to prevent and promptly correct any workplace retaliation and is therefore not liable for punitive damages, and Plaintiffs Butler and Pennington unreasonably failed to take advantage of any preventative or corrective opportunities provided by BNSF, or to otherwise avoid harm.

18. BNSF's employment-related decisions regarding Plaintiffs Butler and Pennington were made in good faith to comply with the FRSA, based on a reasonable interpretation of BNSF's policies and practices, and were not arbitrary, capricious, unreasonable, or made in bad faith.

19. To the extent any agent of BNSF acted maliciously, intentionally to violate the law, or with reckless indifference to Plaintiffs Butler and Pennington's rights under the FRSA, such acts were contrary to and in direct violation of BNSF's policies and good faith efforts to comply with the FRSA; thus, BNSF cannot be held liable or vicariously liable for punitive damages based on those acts.

20. Plaintiffs' claims for punitive damages are barred by the Constitution of the United States.

21. BNSF affirmatively pleads that if the law changes with respect to any issues in this case, including jurisdiction or any element of a claim, BNSF should be entitled to the benefit of such change in the law.

22. BNSF denies any action or inaction caused in whole or in part Plaintiffs Butler and Pennington's alleged injury and/or damages.

23. In the alternative, and without waiving its denial of liability, BNSF states that it is entitled to apportionment of any awarded damages against it among other causes which contributed to Plaintiffs Butler and Pennington's alleged damages.

24. BNSF will rely upon all proper defenses lawfully available that may be disclosed as this matter progresses and BNSF reserves the right to include additional affirmative and other defenses accordingly.

WHEREFORE, Defendant BNSF Railway Company therefore prays that Plaintiffs' Complaint be dismissed with prejudice, with costs taxed to Plaintiffs Butler and Pennington, and for such other and further relief as may be appropriate.

Respectfully submitted,

　　/s/ Susan J. Travis　　
Susan J. Travis
Texas Bar No. 20194750
ROBBINS TRAVIS PLLC
2485 E. Southlake Blvd., Suite 160
Southlake, Texas 76092
(817) 918-2300 Telephone
(817) 458-0414 Fax
sjt@robbinstravis.com

**COUNSEL FOR DEFENDANT
BNSF RAILWAY COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the **4th day of October, 2022**, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically including:

| | |
|---|---|
| Clint E. McGuire | Steven L. Groves |
| Martinez & McGuire, PLLC | Groves Powers, LLC |
| 17227 Mercury Drive, Suite B | 505 N. 7th Street, Suite 2010 |
| Houston, TX 77058 | St. Louis, Missouri 63101 |
| clint@mmtriallawyers.com | sgroves@grovespowers.com |

          /s/ Susan J. Travis_____
      Susan J. Travis