IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CALEB BUTLER and JEREMY PENNINGTON | § § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case Number  1:22-cv-00367-MJT |
| | § | |
| BNSF RAILWAY COMPANY, | § | |
| Defendant. | § | |

**BNSF RAILWAY COMPANY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant BNSF Railway Company ("BNSF") answers Plaintiffs' Second Amended Complaint as follows:

I. PARTIES

1.      BNSF admits Caleb Butler and Jeremy Pennington were employed by BNSF Railway Company at the time of the events described in the Complaint.  BNSF admits that Plaintiff Butler resides in Silsbee, Texas but denies the stated street address because on December 6, 2022, Butler testified in his deposition that he resided at 8226 Post Plant Road in Silsbee, Texas.   BNSF admits, upon information and belief, that Plaintiff Pennington resides at 13350 Alaskan Drive, Beaumont, Texas.

2.      BNSF admits it is a corporation doing business in the State of Texas and admits it is subject to the jurisdiction in the Eastern District of Texas, Beaumont Division for the litigation of this matter.  BNSF admits it has been served with process through its agent.  BNSF otherwise denies any remaining allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint.

## II. JURISDICTION AND VENUE

3.      As to Paragraph 3 of Plaintiffs' Second Amended Complaint, BNSF admits Plaintiffs purport to assert claims arising under the Federal Railroad Safety (FRSA), 49 U.S.C. §20109 and Federal Employers' Liability Act (FELA) 45 U.S.C. §51 et seq.  With respect to the FRSA claim, however, this Court only has jurisdiction over claims filed within the applicable statute of limitations and administratively exhausted before the Occupational Safety and Health Administration ("OSHA").

4.      As to Paragraph 4 of Plaintiffs' Second Amended Complaint, BNSF admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.      As to Paragraph 5 of Plaintiffs' Second Amended Complaint, BNSF admits that venue is proper in this District and Division.  BNSF otherwise denies, as written, the remaining allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.

## III. PROCEDURAL BACKGROUND

6.      BNSF denies the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7.      BNSF admits that on February 3, 2022, the Secretary of Labor issued its Findings dismissing Plaintiff Butler's complaint and stated "Complainant has requested OSHA terminate its investigation and issue a determination based on the information gathered thus far in its investigation; OSHA is unable to conclude if there is reasonable cause to believe a violation of the statute has occurred."

8.      BNSF admits that on February 4, 2022, the Secretary of Labor issued its Findings dismissing Plaintiff Pennington's complaint and stated "Complainant has requested OSHA terminate its investigation and issue a determination based on the information gathered thus far in

its investigation; OSHA is unable to conclude if there is reasonable cause to believe a violation of the statute has occurred."

9.      BNSF admits the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint.

10.     BNSF admits the allegations in Paragraph 10 of Plaintiffs' Second Amended Complaint.

## IV. BACKGROUND

11.     BNSF admits that on August 19, 2021, Plaintiff Pennington verbally reported the locomotive consist was having trouble slowing down.  BNSF admits that on or about August 12, 2021 it received a comment that both shoes on right rear end of Locomotive BNSF 3185 need replacing.  BNSF otherwise denies, as written, the remainder of the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.  BNSF specifically denies there was a "safety defect" with the locomotive consist.

12.     BNSF admits on August 18, 2021, Plaintiffs Butler and Pennington, and Jonatan Cardoza were assigned Locomotives BNSF 3185 and BNSF 143 in Silsbee Yard in Silsbee, Texas. BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiffs' allegation that the train crew was unaware of the report to replace the right rear brake shoes.  BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiffs' allegation that the locomotive brakes were not functioning properly. BNSF denies, as written, the remainder of the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.

13.     BNSF admits on August 19, 2021 Plaintiffs Butler and Pennington, and Cardoza were assigned to use the same Locomotive Consist to perform switching operations. BNSF admits that Plaintiff Pennington told Trainmaster Nesteby that the locomotive consist was having trouble

slowing down the day before.  BNSF otherwise denies, as written, the remainder of the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.

14.     BNSF admits that on August 19, 2021 the train crew experienced a hard coupling. BNSF admits the Employee Statement signed by Plaintiff Butler contained in this paragraph is a copy of a document provided to BNSF.  BNSF denies the remainder of the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint.

15.     BNSF lacks sufficient knowledge or information to form a belief about the truth of Plaintiffs' allegation that following the hard coupling the locomotive seat had been broken and that Conductor Cardoza inspected the locomotive seat and verified that it had been broken. BNSF denies the locomotive seat on BNSF 143 was broken.   BNSF admits on information and belief that Plaintiff Butler sought medical treatment for his back and has not returned to work as a locomotive engineer.  BNSF denies the remainder of the allegations in Paragraph 15 of Plaintiffs' Second Amended Complaint.

16.     BNSF admits on or about August 23, 2021, Trainmaster Jeff Madden responded to Conductor Pennington that based on information provided to him, there was nothing wrong with the locomotive seat. BNSF denies the remainder of the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint.

17.     BNSF admits Conductor Pennington asserts he bid on a job in Beaumont, Texas for the express purpose of leaving Silsbee Yard, but BNSF denies the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint.

18.     BNSF admits it did not discipline any employees for the hard coupling incident. BNSF admits on September 15, 2021 it sent a Notice of Formal Investigation letter to Plaintiffs Butler and Pennington, and to Cardoza to ascertain the facts and determine responsibility, if any,

in connection with the alleged failure to properly protect and properly control shove movement on August 19, 2021. BNSF admits the charge involved alleged violation of rules associated with BNSF's Critical Work Practices. BNSF denies the remainder of the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19.     BNSF admits that on October 14, 2021 it held a formal investigation hearing and that Ty Christian was the conducting officer.  BNSF admits the formal investigation hearing was audio taped. BNSF denies the remainder of the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint, as worded, but admits that Plaintiff Butler claimed BNSF was retaliating against them because Plaintiff Butler had reported an injury; admits Ty Christian asked Plaintiff Butler why he believed that; admits that Plaintiff Butler told Christian about statements made by Trainmaster Madden; admits that Christian asked if anyone could corroborate Plaintiff's Butler's statement about Trainmaster Madden; and admits that Plaintiff Pennington said he heard the statement from Trainmaster Madden.

20.     BNSF admits Ty Christian took a break during the formal investigation hearing to make a phone call and that after the phone call the investigation was cancelled.  BNSF denies any "message was sent" and denies the remainder of the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint.

21.     BNSF admits the audio tape from the formal investigation hearing was not maintained.  BNSF denies it had a duty to maintain the audio transcript or exhibits.  BNSF denies the remainder of the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint.

## V. [ALLEGED] FRSA VIOLATIONS

22.    BNSF admits Plaintiffs Butler and Pennington were employees under 49 U.S.C. §20109 as alleged in Paragraph 22 of Plaintiffs' Second Amended Complaint.

23.    BNSF admits it received a verbal report from Plaintiff Pennington that the brakes on the locomotive consist were not functioning properly the day before.  BNSF admits that on the afternoon of August 19, 2021, Plaintiff Butler reported that after the hard couple, the seat laid back.  BNSF also admits that Plaintiff Butler reported a work-related personal injury.  BNSF otherwise denies the remainder of the allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint.

24.    BNSF denies the allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint.

25.    BNSF admits that Plaintiff Butler communicated his personal injury report to BNSF's Medical and Employee Health Department and admits Plaintiff Butler was approved for a medical leave of absence.  BNSF denies as worded the remainder of the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint.

26.    BNSF denies the allegations in Paragraph 26 of Plaintiffs' Second Amended Complaint.

27.    BNSF denies the allegations in Paragraph 27 of Plaintiffs' Second Amended Complaint.

28.    BNSF denies the allegations in Paragraph 28 of Plaintiffs' Second Amended Complaint.

## VI. FRSA DAMAGES

29.     BNSF denies the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Complaint and all sub-paragraphs thereto and further denies it is liable to Plaintiff Butler for any amount in response to the allegations in Plaintiffs' Second Amended Complaint.

30.     BNSF denies the allegations in Paragraph 30 of Plaintiffs' Second Amended Complaint and all sub-paragraphs thereto and further denies it is liable to Plaintiff Pennington for any amount in response to the allegations in Plaintiffs' Second Amended Complaint.

31.     BNSF denies the allegations in Paragraph 31 of Plaintiffs' Second Amended Complaint and further denies it is liable to Plaintiffs for any amount in response to the allegations in Plaintiffs' Second Amended Complaint.

## VII.     [ALLEGED] FEDERAL EMPLOYERS' LIABILITY ACT

32.     Paragraph 32 of Plaintiffs' Second Amended Complaint does not require a response from BNSF.

33.     BNSF admits Plaintiff Butler purports to assert claims arising under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq.

34.     BNSF admits the allegations in Paragraph 34 of Plaintiffs' Second Amended Complaint.

35.     BNSF admits the allegation in Paragraph 35 of Plaintiffs' Second Amended Complaint.

36.     BNSF admits the allegation in Paragraph 36 of Plaintiffs' Second Amended Complaint.

37.     BNSF admits that on August 19, 2021, Plaintiff Butler was working for BNSF as a locomotive engineer at the Silsbee Yard.  On information and belief, Plaintiff Butler was acting in

the course and scope of his employment. BNSF otherwise denies, as written, the remainder of the

allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

38.     BNSF admits on August 19, 2021 Plaintiff Butler was assigned to use the

Locomotive Consist.   BNSF otherwise denies, as written, the remainder of the allegations

contained in Paragraph 38 of Plaintiffs' Second Amended Complaint.

39.     BNSF admits it had prior notice of a report regarding BNSF 3185 that "both shoes

on right rear needed replacing."   BNSF otherwise denies, as written, the remainder of the

allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint.

40.     BNSF lacks sufficient knowledge or information to form a belief about the truth of

Plaintiffs' allegation in paragraph 40 of Plaintiffs' Second Amended Complaint.  BNSF admits on

information and belief that Plaintiff Butler sought medical treatment for his back following a hard

coupling. BNSF denies the remainder of the allegations in Paragraph 40 of Plaintiffs' Second

Amended Complaint.

41.     BNSF admits it had a duty to provide Plaintiff Butler with a reasonably safe place

to work as alleged in Paragraph 41 of Plaintiffs' Second Amended Complaint.

42.     BNSF denies the allegations in Paragraph  42 BNSF of Plaintiffs' Second Amended

Complaint and all sub-paragraphs thereto.

43.     BNSF denies the allegations contained in Paragraph 43 of Plaintiffs' Second

Amended Complaint.

### VIII.   [ALLEGED] STRICT LIABILITY-
### VIOLATION OF FEDERAL LOCOMOTIVE SAFETY STATUTE 49 U.S.C. §20701

44.     BNSF denies the allegations contained in Paragraph 44 of Plaintiffs' Second

Amended Complaint.

## IX.     [ALLEGED] STRICT LIABILITY-
## VIOLATION OF FEDERAL RAILROAD ADMINISTRATION REGULATION
### 49 C.F.R. §229.45, 229.7 and 229.9.

45.     The first sentence of Paragraph 45 is an excerpt of parts of 49 C.F.R. §229.45 and

it does not require a response from BNSF.  BNSF denies the remainder of the allegations contained

in Paragraph 45 of Plaintiffs' Second Amended Complaint.


## X.     [ALLEGED] STRICT LIABILITY-
## VIOLATION OF FEDERAL RAILROAD ADMINISTRATION REGULATION
### 49  C.F.R. §229.119

46.     The first sentence of Paragraph 46 is an excerpt of parts of 49 C.F.R. §229.119(a)

and it does not require a response from BNSF.  BNSF denies the remainder of the allegations

contained in Paragraph 46 of Plaintiffs' Second Amended Complaint.

## X.     [sic]  [ALLEGED] STRICT LIABILITY-
## VIOLATION OF FEDERAL RAILROAD ADMINISTRATION REGULATION
### 49  C.F.R. §229.46 and 232.5

47.     The first sentence of Paragraph 47 is an excerpt of parts of 49 C.F.R. §229.46 and

§232.5, and it does not require a response from BNSF.  BNSF denies the remainder of the

allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint.

48.     BNSF denies and/or lacks sufficient knowledge or information to form a belief

about the truth of Plaintiff Butler's allegations contained in Paragraph 48 of Plaintiffs' Second

Amended Complaint.

49.     BNSF denies and/or lacks sufficient knowledge or information to form a belief

about the truth of Plaintiff Butler's allegations contained in Paragraph 49 of Plaintiffs' Second

Amended Complaint.

PRAYER

50.     BNSF denies and contests all claims for relief presented in Plaintiffs' Prayer and

all sub-paragraphs thereto.

## AFFIRMATIVE AND OTHER DEFENSES

1.     BNSF denies that it is liable to respond in damages to Plaintiffs Butler and

Pennington in any amount based upon any theory.

2.     All allegations in the Complaint not admitted, denied, or explained above are now

expressly denied.

3.     Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may

be granted because of a failure to prove each and every element of an FRSA claim, including that

Plaintiffs engaged in a protected activity in good faith, decision-maker knowledge of the protected

activity, contributing factor causation, and an unfavorable personnel action.

4.     There is no unfavorable personnel action in this case because the formal

investigation hearing was cancelled, no discipline was issued, and no wages were lost.

5.     BNSF pleads the requirement that Plaintiffs Butler and Pennington prove the

contributing factor element with evidence of intentional retaliation prompted by Plaintiffs Butler

and Pennington engaging in a good faith protected activity.

6.     BNSF pleads the requirement that Plaintiffs Butler and Pennington prove proximate

cause as to the FRSA claim.

7.     BNSF pleads the same action affirmative defense.  BNSF would have taken the

same employment actions absent any protected activity.

8.      BNSF's employment actions regarding Plaintiffs Butler and Pennington were based on legitimate, non-discriminatory, and non-retaliatory reasons, and unrelated to any alleged protected activity.

9.      Plaintiffs Butler and Pennington failed to administratively exhaust protected activities or adverse actions.  Any complaint related to such allegations are thus time-barred, subject to applicable statute of limitations or doctrine of laches, or not within the jurisdiction of this Court.

10.     To the extent Plaintiffs Butler and Pennington seek to pursue claims based upon acts that occurred more than 180 days before the filing of a complaint with OSHA, those claims are barred, in whole or in part, by the applicable statute of limitations.

11.     BNSF pleads the defenses of preemption and preclusion.  Resolution of Plaintiffs Butler and Pennington's claims or damages requires interpretation of a collective bargaining agreement and, thus, preempted or precluded by the Railway Labor Act.

12.     To the extent Plaintiffs Butler and Pennington have received advances, wages, worker's compensation benefits, wage continuation, Railroad Retirement Board Benefits, supplemental sickness benefits, medical benefits, or any other income or benefits, BNSF is entitled to an offset from any judgment for such amounts.

13.     Plaintiffs Butler and Pennington have failed to mitigate their damages as required by law.

14.     BNSF pleads the after-acquired evidence doctrine.

15.     BNSF pleads waiver and estoppel because Plaintiffs Butler and Pennington opted to litigate the FRSA claim before in the administrative forum and affirmatively took steps to do

so, kicking-out to Federal court in bad faith only to avoid having to comply with the Administrative Law Judge's order.

16.    Plaintiffs Butler and Pennington cannot prove that BNSF acted with reckless or callous disregard, or intent, to violate the FRSA.

17.    BNSF pleads the *Kolstad* defense to punitive damages.  It exercised reasonable care to prevent and promptly correct any workplace retaliation and is therefore not liable for punitive damages, and Plaintiffs Butler and Pennington unreasonably failed to take advantage of any preventative or corrective opportunities provided by BNSF, or to otherwise avoid harm.

18.    BNSF's employment-related decisions regarding Plaintiffs Butler and Pennington were made in good faith to comply with the FRSA, based on a reasonable interpretation of BNSF's policies and practices, and were not arbitrary, capricious, unreasonable, or made in bad faith.

19.    To the extent any agent of BNSF acted maliciously, intentionally to violate the law, or with reckless indifference to Plaintiffs Butler and Pennington's rights under the FRSA, such acts were contrary to and in direct violation of BNSF's policies and good faith efforts to comply with the FRSA; thus, BNSF cannot be held liable or vicariously liable for punitive damages based on those acts.

20.    Plaintiffs' claims for punitive damages are barred by the Constitution of the United States.

21.    BNSF affirmatively pleads that if the law changes with respect to any issues in this case, including jurisdiction or any element of a claim, BNSF should be entitled to the benefit of such change in the law.

22.    BNSF denies any action or inaction caused in whole or in part Plaintiffs Butler and Pennington's alleged injury and/or damages.

23.     In the alternative, and without waiving its denial of liability, BNSF states that it is entitled to apportionment of any awarded damages against it among other causes which contributed to Plaintiffs Butler and Pennington's alleged damages.

24.     BNSF would show that Plaintiff Butler's own negligence, rather than that of BNSF or any of its employees, caused Butler's alleged injury and damages.   Further, BNSF would show that at the time of the occurrence in question, Butler failed to exercise the degree of care a person of ordinary prudence would exercise under the same or similar circumstances, and such failure was the sole cause, proximate cause, legal cause, and/or contributing cause in whole or in part of the incident made the basis of this suit and the resulting injury and damages alleged by Butler. BNSF pleads the doctrine of contributory (comparative) negligence accorded by the provisions of the FELA.  Therefore, a jury should reduce any recovery awarded to Butler, if any, in proportion to the amount of negligence attributable to Butler.

25.     BNSF contends that Plaintiff Butler's damages were the result of a new and independent cause, and/or superseding intervening cause, and not the result of any act or omission on the part of BNSF.

26.     BNSF did not have any prior notice of any defective or unsafe condition.

27.     BNSF would further show that Plaintiff Butler's alleged injury may have been the result, in whole or in part, of a pre-existing condition and/or subsequently occurring condition or injury which was not caused by, produced by, or a result of the incident made the basis of this suit. As a result, Butler's recovery, if any, should be diminished by the proportion of damages assigned to causes other than to BNSF's negligence, if any.

28.     BNSF would further show that advances, payments or benefits which Plaintiff Butler received as a result of the alleged injury should offset any monies he recovers in this action.

BNSF asserts that at the time of the incident, Butler was a member of a labor union that acted as his duly constituted agent for collective bargaining purposes.  In that capacity, said union entered into a collective agreement that BNSF would provide certain wage, disability and/or medical benefits to union members such as Butler who alleged injured themselves and/or became disabled under certain prescribed circumstances.  However, the agreement provides that such benefits may be offset against any money that Butler, or his representative, may recover by judgment or settlement in suits arising out of the incident, which give rise to the payment of benefits.  BNSF asserts that Butler received such benefits and claims credit and/or set-off for all amounts paid or advanced to or on behalf of Butler under any benefit program, including but not limited to advancements, wage continuation, and benefits for medical and/or hospital services.

29.     In the alternative, and without waiving its denial of liability to Plaintiff Butler, BNSF states that it is entitled to apportionment of any awarded damages against it among other parties and other causes which contributed to Butler's alleged damages.

30.     BNSF denies the application of 49 U.S.C. §20701, 49 C.F.R. §229.7, 49 C.F.R. §229.9, 49 C.F.R. §229.45, 49 C.F.R. §229.46, 49 C.F.R. §229.119, and 49 C.F.R. §232.5.

31.     Plaintiff Butler's claims are preempted and/or precluded by state and federal law.

32.     BNSF pleads that Plaintiff Butler's medical expenses should be limited to those actually paid or incurred by or on behalf of Plaintiff pursuant to § 41.0105 of the Texas Civil Practice and Remedies Code, and that Butler be prohibited from recovering amounts intentionally inflated in order to increase damages.

33.     BNSF will rely upon all proper defenses lawfully available that may be disclosed as this matter progresses and BNSF reserves the right to include additional affirmative and other defenses accordingly.

WHEREFORE, Defendant BNSF Railway Company therefore prays that Plaintiffs'

Second Amended Complaint be dismissed with prejudice, with costs taxed to Plaintiffs Butler and

Pennington, and for such other and further relief as may be appropriate.

Respectfully submitted,

_____/s/ Susan J. Travis_____
Susan J. Travis
Texas Bar No. 20194750
ROBBINS TRAVIS PLLC
2485 E. Southlake Blvd., Suite 160
Southlake, Texas 76092
(817) 918-2300 Telephone
(817) 458-0414 Fax
sjt@robbinstravis.com

**COUNSEL FOR DEFENDANT
BNSF RAILWAY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the **5th day of July, 2023**, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically including:

Clint E. McGuire                           Steven L. Groves
Martinez & McGuire, PLLC                   Groves Powers, LLC
17227 Mercury Drive, Suite B               505 N. 7th Street, Suite 2010
Houston, TX 77058                          St. Louis, Missouri 63101
clint@mmtriallawyers.com                   sgroves@grovespowers.com

_ /s/ Susan J. Travis_____
Susan J. Travis