## MTC EXHIBIT C

## DISCOVERY RE: BNSF'S SPOLIATION OF EVIDENCE

**INTERROGATORY NO. 1**: Identify by name and job title each BNSF employee involved or who participated in the decision to schedule the Formal Investigation against Caleb Butler, Jeremy Pennington and Jonatan Cardoza.

**ANSWER**: BNSF objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege. Without waiving this objection, Superintendent of Operations Dentin Chapman, and General Manager of the Red River Division Janssen Thompson, following consultation with Director of Employee Performance John Murphy, and the BNSF Law Department.

**BUTLER'S 4TH REQUEST FOR PRODUCTION NO. 11**: Documents concerning, relating, discussing, or in any way referencing BNSF's decision not to preserve the audio tape and exhibits (and any other materials) from the formal disciplinary investigation conducted by BNSF for the August 19, 2021, hard coupling. This request includes documents identifying all persons consulted or involved in the decision not to preserve the audio tape and exhibits and the reason(s) for not preserving the audio tape and exhibits.

**RESPONSE (Dated June 16, 2023)**: BNSF objects to this Request because it assumes or misstates facts that are in dispute or not in evidence. Further it is argumentative. BNSF denies it had a duty to "preserve" the audio tape and exhibits. BNSF further denies that the testimony and exhibits from the investigation hearing, held pursuant to the Collective Bargaining Agreement in order to determine if there had been a violation of BNSF's rules, is relevant to Butler's FELA case filed more than a year later. Without waiving these objections, BNSF refers to the Collective Bargaining Agreement previously produced which governs the investigation procedure for Butler and Pennington.

**BUTLER'S 4TH REQUEST FOR PRODUCTION NO. 12**: Documents reflecting every instance from 2015 to present where BNSF conducted a formal disciplinary hearing of an injured employee and made the decision not to preserve evidence, testimony and exhibits presented during the formal disciplinary hearing.

**RESPONSE (Dated June 16, 2023)**: BNSF objects to this Request because it assumes or misstates facts that are in dispute or not in evidence. Further, it is argumentative. BNSF denies it had a duty to "preserve" the audio tape of testimony and exhibits from the formal investigation hearing. BNSF further denies that the testimony and exhibits from the investigation hearing, held pursuant to the Collective Bargaining Agreement in order to determine if there had been a violation of BNSF's rules, is relevant to Butler's FELA case filed more than a year later. BNSF also objects to providing information regarding other "injured employees" without their authorization and consent as it violates their right of privacy. BNSF further objects to this Request because it is overly broad in time and scope, is unduly burdensome in its breadth, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of this case. Further, this is not a pattern or practice case. BNSF objects to this Request for lack of relevance, improper forum, failure to contain an appropriate geographic

or temporal limitation. Objecting further, this Request is not reasonably limited to seeking information about similarly-situated employees. Subject to these objections, after a diligent and reasonable effort, BNSF is unable to locate documents responsive to this Request because the search for this information is unduly burdensome. It would take at least several days to review over 500 individual investigation files and analyze the circumstances of each investigation to determine if there was an audio tape, transcript or exhibits from the investigation hearing and, if not, why not. It would then take even more time to then identify similar situations where an investigation hearing was cancelled before it was concluded, which would take contacting the conducting officer of each case to see if he or she happened to recall the events of the cancellation of the investigation hearing. Finally, BNSF would have to then search through completely separate records to determine whether each investigation hearing involved an injured employee. BNSF does not keep records that can be reasonably searched for this information in the terms requested.

**BUTLER'S 2ND REQUEST FOR PRODUCTION NO. 48:** Documents reflecting BNSF's evidence preservation policy in effect at the time of the Incident. This request includes, but is not limited to, BNSF's documents supporting its position that BNSF was following its policies, procedures and / or practices when it did not preserve the investigation transcript and exhibits from the formal investigation at issue.

**RESPONSE (Dated March 3, 2023)**: BNSF objects because this Request for "BNSF's evidence preservation policy" is overbroad in scope and constitutes an impermissible fishing expedition on the part of Plaintiff Butler. With regard to the formal investigation transcript and exhibits, BNSF does not have a policy to retain all formal investigation records. In particular, BNSF has no policy requiring the retention of an audio recording of a formal investigation hearing or exhibits where, as here, the investigation was later cancelled in its entirety without the issuance of any discipline. BNSF, therefore, has no documents responsive to this Request.